(No. 13434.—Cause transferred.)

J. FRANK LASLEY, Appellant, *vs.* THE TAZEWELL COAL COMPANY, Appellee.

*Opinion filed October 23, 1920.*

APPEALS AND ERRORS—*action in assumpsit for attorney's lien on award in compensation case cannot be appealed directly to Supreme Court.* Where an employee has been awarded compensation for an injury, and the Industrial Commission, on petition of the attorney for the claimant, has fixed an attorney's fee, an action in assumpsit by the attorney against the employer to recover the fee as a lien under the Attorneys Lien act is not a case under the Compensation act, and the appeal in such suit should be taken to the Appellate Court.

APPEAL from the Circuit Court of Tazewell county; the Hon. T. N. GREEN, Judge, presiding.

CURRAN & DEMPSEY, for appellant.

WILLIAM A. POTTS, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant filed his suit in the circuit court of Tazewell county against the appellee to recover the sum of $400 attorney's fees for services rendered to Anton Lodi for the

prosecution of Lodi's claim against appellee before the Industrial Commission for compensation, for which he claims a lien against the appellee. Lodi was injured in the mine of the appellee and was awarded the sum of $3500 and a further pension. On petition of appellant the Industrial Commission fixed his fee at the sum of $400. Both the claimant, Lodi, and the appellee, were notified of this hearing before the Industrial Commission and both were represented at the hearing. Appellant being unable to collect any portion of the $400, thereafter served notice on the appellee of his attorney's lien, in accordance with the provisions of section 1 of the Attorneys' Lien act, and thereafter brought this suit. Appellant filed a declaration in assumpsit consisting of one count, in which the matters herein referred to were set up and averred. Appellee filed a demurrer to the declaration, which was sustained. Appellant abided his declaration and has brought the case to this court on appeal.

The question involved in this case is the applicability of the Attorneys' Lien act when considered with the provision of the Compensation act prohibiting the enforcement of liens against an award made to an employee. There is nothing in this case involving a franchise or freehold or the validity of a statute or any other constitutional question. It is not a case brought under the Workmen's Compensation act but is an action in assumpsit. Under section 8 of the Appellate Court act the appeal should have been taken to the Appellate Court. This court is without jurisdiction to hear the case, and it is therefore transferred to the Appellate Court for the Third District.        *Cause transferred.*